1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY S. TIFT,

                    Plaintiff,

          v.

MELVIN HAMMER,

                    Defendant.

CASE NO. C05-2039C

ORDER

This matter has come before the Court on Defendant's motion to dismiss Plaintiff's complaint for lack of jurisdiction.  Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court has determined that no oral argument shall be necessary.  For the reasons that follow, the Court hereby GRANTS the motion.

Plaintiff's "complaint" took the form of a "Petition for an Order for Protection — Harassment" filed in King County District Court on or about November 29, 2005.  Defendant removed this matter to this Court pursuant to 28 U.S.C. §§ 1442 and 1444.  Plaintiff's filing in King County District Court sought injunctive relief against Defendant to prevent further "substantial emotional distress" incurred in the course of what appear to be Defendant's attempts to investigate and collect Plaintiff's federal tax liabilities.

ORDER – 1

1  Defendant moves to dismiss Plaintiff's action for lack of jurisdiction.

2  The Court construes Plaintiff's complaint to assert claims against Defendant Hammer in both his

3  official and individual capacities.[1]

4  *Plaintiff's claims against Defendant in his individual capacity*

5  An individual citizen may sue individual federal agents if he or she "suffer[ed] a compensable

6  injury to a constitutionally protected interest."  *Butz v. Economou*, 438 U.S. 478, 504 (1978).  Such an

7  action is commonly called a *Bivens* action, after *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388

8  (1971).  However, the Ninth Circuit has squarely agreed with its sister circuits who have held that

9  "*Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process

10  of assessing and collecting taxes."  *Adams v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004).  Here,

11  Plaintiff does not dispute that his allegations arise out of Defendant's attempts to investigate and/or

12  collect Plaintiff's federal tax liabilities.  Thus, even if Plaintiff's complaint could be read to allege

13  violations of his constitutional rights, Plaintiff is precluded from bringing a *Bivens* action under *Adams*.

14  For this reason, to the extent Plaintiff's complaint purports to state a *Bivens* claim against Defendant

15  Hammer in his individual capacity, this claim is DISMISSED.

16  *Plaintiff's claims against Defendant in his official capacity*

17  "[A] suit against IRS officials in their official capacity is essentially a suit against the United

18  States.  As such, absent express statutory consent to sue, dismissal is required."  *Gilbert v. DaGrossa*,

19  756 F.2d 1455, 1458 (9th Cir. 1985).  The plaintiff bears the burden of showing "an unequivocal waiver of

20  sovereign immunity."  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).  In the present case,

21  there is no such waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(c) (stating that the Federal Tort

22  Claims Act, which permits suits against the United States under limited circumstances, "shall not apply to

23  . . . any claim arising in respect of the assessment or collection of any tax."  Plaintiff's response papers do

24  

25  [1]Plaintiff states in his response papers (Dkt. No. 8) that "[i]t is the plaintiff's contention that Melvin Hammer's conduct exceeded the scope of his duties as a revenue officer."

26  ORDER – 2

1   not suggest that there might be another source of waiver of sovereign immunity.  For these reasons, the

2   Court finds that it is without jurisdiction to adjudicate Plaintiff's claims insofar as they may be construed

3   to assert a tort.

4        Plaintiff's complaint may also be construed to be a suit for unauthorized collection actions by the

5   IRS.  However, the Internal Revenue Code requires that a taxpayer-plaintiff wishing to bring such a suit

6   first exhaust his or her administrative remedies.  Plaintiff does not dispute that he has not done so.

7   Accordingly, this Court is without jurisdiction over Plaintiff's complaint insofar as it is a suit for

8   unauthorized collection actions by the IRS.

9        Finally, Plaintiff's claim for injunctive relief does not fall within a statutory or judicial exception to

10   the Anti-Injunction Act.  26 U.S.C. § 7421(a).  Therefore, this Court has no subject matter jurisdiction

11   over Plaintiff's request for injunctive relief.

12        In accordance with the foregoing, the Court hereby GRANTS Defendant's motion to dismiss.

13   Plaintiff's complaint is hereby DISMISSED with prejudice.

14        SO ORDERED this 7th day of April, 2006.

UNITED STATES DISTRICT JUDGE

26   ORDER – 3